# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1747

_____

| | | |
|---|---|---|
| D.W.; A.K., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| S.M., | * | |
| | * | |
| Plaintiff/Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| T.M.; A.R.; C.H., | * | District of Minnesota. |
| | * | [UNPUBLISHED] |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| Chafoulias Management Co.   ; | * | |
| BDG5 Limited Partnership   ; | * | |
| G.A.C. Corporation; Gus A. | * | |
| Chafoulias; Andrew C. Chafoulias, | * | |
| | * | |
| Defendants/Appellees. | * | |

_____

Submitted:  February 10, 1999

Filed:  July 6, 1999

_____

Before WOLLMAN,[1] HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

S.M. appeals from the district court's[2] entry of summary judgment in favor of the owners and operators of a hotel (defendants) on her state law claims of negligence, negligent retention, negligent supervision, negligent infliction of emotional distress, and intentional infliction of emotional distress. We affirm.

S.M.'s suit is based upon her claim that defendants were negligent in failing to protect her from a sexual assault that allegedly occurred while she was visiting a guest in the hotel.

We review the district court's application of state law de novo. See Sperry v. Bauermeister, Inc., 4 F.3d 596, 597 (8th Cir. 1993). To maintain a negligence claim under Minnesota law, S.M. is required to prove (1) a duty; (2) a breach of that duty; (3) a causal connection between the breach and the injury; and (4) injury or damages. See Schweich v. Ziegler, Inc., 463 N.W.2d 722, 729 (Minn. 1990).

Whether defendants had a legal duty to protect S.M. is a question of law for the court to decide. See Servicemaster of St. Cloud v. GAB Bus. Servs., Inc., 544 N.W.2d 302, 307 (Minn. 1996). Generally, a party does not have a legal duty to protect others from the criminal acts of a third person. See Lundgren v. Fultz, 354 N.W.2d 25, 27-28 (Minn. 1984). An exception to this general rule arises when a special relationship

---

[1]The Honorable Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

[2]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

exists between the parties and the harm is foreseeable. See H.B. and S.B. v. Whittemore, 552 N.W.2d 705, 707 (Minn. 1997). Minnesota courts have found a special relationship to exist in cases involving common carriers, innkeepers, hospitals, and possessors of land who hold it open to the public.

The innkeeper-guest special relationship does not apply in this case because S.M. was not a guest of the hotel but rather a guest's visitor. S.M. argues, however, that a special relationship existed because the defendants opened their property to the public. We disagree. "While possessors of land open to the public have a duty to maintain their premises in a safe condition, that duty extends to the physical condition of the premises and not to criminal acts of independent third persons." Errico v. Southland Corp., 509 N.W.2d 585, 588 (Minn. Ct. App. 1993); accord Pietila v. Congdon, 362 N.W.2d 328, 332-33 (Minn. 1985) (stating that criminal acts of third persons are not activities of a landowner and do not constitute a condition of the land). S.M.'s injuries in this case resulted from the alleged criminal act of a third person and not from an unsafe condition on defendants' property.

Because no special relationship existed in this case, defendants had no duty to protect S.M. As a result, her claim for negligence must fail, as must her remaining claims premised on negligence. Likewise, we conclude that her claim based upon the intentional infliction of emotional distress is without merit.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.